1 : CV00-1829

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FORM FOR USE IN APPLICATIONS FOR HABEAS CORPUS UNDER 28 USC §2254
(eff. 10/18/96)

____Kenneth Alan Shiffer_____PETITIONER
(Full name) (Include name under which you were convicted)

vs.                              CASE NO. _____
                                 (supplied by the Court)
____Ben Varner_____RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized
person having custody of petitioner)
and
THE DISTRICT ATTORNEY OF THE COUNTY OF____Columbia_____
and

THE ATTORNEY GENERAL OF THE STATE OF ___Pennsylvania PER____
                                       ADDITIONAL RESPONDENT

FILED
SCRANTON

OCT 16 2000

PER _____
DEPUTY CLERK

____Kenneth Alan Shiffer_____AT-1194_____
Name                                        Prison Number

____State Correctional Institution of Dallas, Dallas, Pa._____
Place of Confinement

(If petitioner is attacking a judgment which imposed a
sentence to be served in the future, petitioner must fill in the
name of the state where the judgment was entered. If petitioner
has a sentence to be served in the future under a federal
judgment which he wishes to attack, he should file a motion under
28 U.S.C.§2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

INSTRUCTIONS - READ CAREFULLY

1. This petition must be legibly handwritten or typewritten and
signed by the petitioner. Any false statement of a material fact
in this petition or in a motion for leave to proceed in forma
pauperis may serve as the basis for prosecution and conviction
for perjury. All questions must be answered concisely in the
proper space on the form. Where more room is needed to answer any
question use reverse side of sheet.

2. Additional pages are not permitted. No citation of
authorities need be furnished. If briefs or arguments are
submitted, they should be submitted in the form of a separate
memorandum.

1

3. Upon receipt of a fee of $5.00, your petition will be filed if it is in proper order.

4. If you do not have the entire necessary filing fee, you may request permission to proceed in forma pauperis, in which event you must complete the form on the pages eleven and twelve, setting forth information establishing your inability to prepay the full fees and costs or give security therefor. If you wish to proceed in forma pauperis, you must submit an affidavit stating all your assets, and the certification on page thirteen, signed by an authorized prison official. Discharge of debt in a bankruptcy proceeding shall not include a filing fee (or associated costs and expenses), regardless of an assertion of poverty by the debtor or the debtor's status as a prisoner.

5. Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

6. Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

7. All state remedies must be exhausted before filing a claim under 28 U.S.C. 2254, however, if a prisoner files such a claim before exhausting all state remedies, the federal court has authority to deny it on its merits. A federal court, when considering a state prisoner's habeas corpus petition, must deem as correct a determination of a factual issue made by a state court, unless the prisoner rebuts the presumption by clear and convincing evidence. If a petitioner has failed to develop the factual basis of the claim in state court proceedings, a federal court shall not hold an evidentiary hearing on a habeas corpus claim unless the prisoner shows that:
  (1) the claim relies on either a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or a factual predicate that could not have previously been discovered through the exercise of due diligence; and
  (2) the facts underlying the claim be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the prisoner guilty.

8. There is a one-year statute of limitations for filing petitions pursuant to 28 U.S.C. 2254.

9. Federal courts must dismiss claims in a second or successive petition that were presented in a prior petition.

2

10. Federal courts must dismiss claims in a second or successive petition that were not presented in a prior petition unless:

    (1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty.

Before such a second or successive petition may be filed in the district court, however, the petitioner must move the court of appeals for an Order authorizing the district court to consider the petition. Petitioner's motion for such an Order must be determined by a three judge panel of the court of appeals, which must grant or deny the motion within 30 days. The court of appeals may grant the motion only if it determines that the petition makes a prima facie showing that it satisfies either (1) or (2) above.

11. Ineffectiveness of counsel during post-trial proceedings in state court shall not be grounds for relief under 28 U.S.C. 2254.

12. When the petition is fully completed, the original and four copies must be mailed to the Clerk of the United States District Court whose address is ROOM 2609, 601 MARKET STREET, PHILADELPHIA, PENNSYLVANIA 19106.

13. Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

**PETITION**

1. (a) Name and location of court which entered the judgment of conviction under attack: Court of Common Pleas of Columbia County, Bloomsburg, Pa.
   (b) Name of Prosecutor: Scott W. Naus
   (c) Prosecution conducted by District Attorney's Office of Columbia County

2. (a) Date of Judgment of conviction: 11/18/88
   (b) Indictment number or numbers: No. 294
   Term: n/a    Criminal Case Number: 294

3. Length of sentence: Life    Sentencing Judge: Jay W. Myers

4. Nature of offense or offenses for which you were convicted:
   Second Degree Murder

5. What was your plea? (check one)
   (a) Not Guilty (x)   (b) Guilty ( )   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

6. Kind of trial: (check one)
   (a) Jury (x)    (b) Judge only ( )

7. Did you testify at the trial?  Yes (x)  No ( )

8. Did you appeal from the judgment of conviction?
   Yes (x) No ( )

9. If you did appeal, answer the following:
   (a) Name of court: Superior Court of Pennsylvania
   (b) Result: Judgment Affirmed
   (c) Date of Result: 10/18/90

4

If you filed a second appeal or filed a petition for certiorari in the Supreme Court, give details: _____

Supreme Court of Pennsylvania ( denied on 6/27/91)

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes (x)     No ( )

11. If your answer to 10 was "yes", give the following information:

(a) (1) Name of Court: __Court of Common Pleas__

(2) Nature of proceeding: __Post Conviction Petition__

(3) Grounds raised: __See attached page__

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes (x)    No ( )

(5) Result: __denied__

(6) Date of result: __10/28/97__

(b) As to any second petition, application or motion give the same information:

(1) Name of Court: _____

(2) Nature of proceeding: _____

(3) Grounds raised: _____

5

(a)(3)

1. Trial counsel was ineffective for failure to permit petitioner to testify in his own for failure to permit petitioner to testify in his own behalf at trial.

2. Trial counsel was ineffective for failure to object to a jury instruction which did not adequately define reasonable doubt.

3. Trial counsel was ineffective for withdrawing a pretrial motion for change of venue or venire.

4. Trial counsel was ineffective for failure to impeach police officer witnesses about the fact that the amount of money in possession of the victim was disclosed in a newspaper article when said fact was used to show guilty knowledge by petitioner in the case.

5. Whether the PCRA Court abused its discretion in permitting the Commonwealth to reopen its case and present additional testimony for the purpose of charifying the testimony of a witness.

      (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ( )    No ( )

      (5) Result: _____

      (6) Date of result: _____

  (c) As to any third petition, application or motion, give the same information:

      (1) Name of Court: _____

      (2) Nature of proceeding: _____

      (3) Grounds raised: _____

      (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ( ) No ( )

      (5) Result: _____

      (6) Date of Result: _____

  (d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
      (1) First petition, etc.        Yes (x) No ( )
      (2) Second petition, etc.       Yes (xx) No ( )
      (3) Third petition, etc.       Yes ( ) No ( )

  (e) If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
_____
_____
_____

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any ground which you may have other than those listed if you have exhausted all you state court remedies with respect to them. However, you <u>should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: The suppression court erred in not suppressing the eyewitness identification.

**Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):**

7

The identification testimony of Diane Szklarz violated the Petitioner's rights because it was not properly made.

**B. Ground two:** The evidence presented is insufficient to sustain a verdict.

**Supporting FACTS (tell your story briefly without citing cases or law:**
The verdict of second-degree murder was improper because the eyewitness identification of petitioner by Diane Szklarz was totally inconsistent with his physical appearance at the time of incident and otherwise self-contradictory, among other reasons.

**C. Ground three:** Counsel was ineffective for failing to permit the petitioner to testify.

**Supporting FACTS (tell your story briefly without citing cases or law:**
Petitioner wanted to testify, however, counsel told him not to, and the petitioner testimony would of showed the jury that the petitioner wasn't guilty.

**D. Ground four:** Counsel was ineffective for failure to object to the charge of reasonable doubt to the jury.

**Supporting FACTS (tell your story briefly without citing cases or law:**
The charge of reasonable doubt to the jury was not properly done, denying the petitioner his right to a fair trial.

8

E.  Ground five:  Trial counsel was ineffective for withdrawing a pretrial motion for change of venue or venire.

There was a lot of news articles on the petitioner's case, and the petitioner was denied a fair trial due to these articles. Trial counsel withdraw the change of venue so that he could question the jury, one on one. This violated the petitioner a fair trial.


F.  Ground six:  Counsel was ineffective for failing to impeach police officer about the money.

The officer should of been impeach about the fact that the amount of money in possession of the victim was disclosed in a newspaper article when said fact was used to show guilty knowledge by Petitioner in this case.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them:

_____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
   Yes ( )   No (xx)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing: William C. Costopoulos, Esq., 831 Market Street, P.O. Box 222, Lemoyne, Pa. 17043

   (b) At arraignment and plea: Same

   (c) At trial: Same

   (d) At sentencing: Same

   (e) On appeal: Same

   (f) In any post-conviction proceeding: Hugh L. Sumner, Esq. 116 West Second Street, Berwick, Pa. 18603

   (g) On appeal from any adverse ruling in a post-conviction proceeding:
      Same

_____

_____

_____

9

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ( )   No (x)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( )   No (x)

    (a) If so, give name and location of court which imposed sentence to be served in the future:

_____

_____

    (b) And give date and length of sentence to be served in future:

_____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?   Yes ( )   No ( )


I declare under penalty of perjury that the foregoing is true and correct.

Executed on  OCtobER 2, 2000    _____[signature]_____
                                                 Signature of Petitioner


            None
   **Signature of Attorney (if any)**