ORIGINAL

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH ALAN SHIFFER,                :

              Petitioner   :   CIVIL NO. 1:00-CV-1829

   v.                                :

BEN VARNER, et. al.,                 :   (Judge Caldwell)

              Respondents  :

PETITIONER'S REPLY TO RESPONDENTS
ANSWER TO PETITIONER'S PETITION FOR WRIT
OF HABEAS CORPUS

FILED
HARRISBURG
AUG 3 0 2001
MARY E. D'ANDREA, CLE
Per_____
DEPUTY CLERK

COUNTER STATEMENT OF CASE

    Petitioner was arrested and charged with criminal homicide on October 9, 1987. On November 15, 1988, trial commenced before Honorable Jay W. Myers and Jury. On November 18, 1988, petitioner was convicted of second-degree murder. On February 12, 1990, petitioner was sentenced to Life imprisonment.

    Timely appeal was taken to the Pennsylvania Superior Court, and on October 18, 1990, the Superior Court affirmed the judgment of sentence. Allowance of Appeal was taken to the Supreme Court of Pennsylvania and was denied on June 27, 1991.

    On January 6, 1997, petitioner filed his first post conviction petition. On October 28, 1997, petitioner's petition was denied. Timely appeal was taken to the Pennsylvania Superior Court, and on February 10, 1999, the

Superior Court affirmed. Allowance of Appeal was taken to the Supreme Court of Pennsylvania, and on December 3, 1999, was denied.

Petitioner filed his Writ of Habeas Corpus raising six grounds, those of his direct appeal and PCRA Petition. Respondents filed their answer to the petition and now petitioner is filing his reply.

### Factual History

During the early morning hours of May 11, 1987, the victim, Leonard Radziak, was severly beaten while entering his apartment.

The victim was transported to Berwick Hospital and later flown to Geisinger Medical Center where he expired during the evening of May 12, 1987. Petitioner was arrested and charged with the murder.

### ISSUES PRESENTED

1. The suppression court erred in not suppressing the eyewitness identification.

2. The evidence presented is insufficient to sustain a verdict.

3. Counsel was ineffective for failing to permit petitioner to testify.

4. Counsel was ineffective for failure to object to the charge of reasonable doubt to the jury.

5. Trial counsel was ineffective for withdrawing a pretrial motion for change of venue or venire.

2

5. Trial counsel was ineffective for withdrawing a pretrial motion for change of venue or venire.

6. Counsel was ineffective for failing to impeach police officer about the money.

## ARGUMENT

Ground 1 - The suppression court erred in not suppressing the eyewitness identification.

The Respondents plainly stated in their answer that Diane Sklarz was able to see the Petitioner clearly on the night of the murder. That she plainly observed the Petitioner jogging from the crime scene and carrying a silver pipe in his hand. Oh yes, she also saw the dark colored "Members Only" type jacket on the petitioner. She did all of this from 80 feet away and in a matter of six seconds.

Petitioner submits that the reliability of the Ms. Szklarz photo identification is undermined by the poor conditions when she viewed the man that she said was the petitioner. However, the trial court held that she did have direct face and eye contact with the petitioner for six seconds, under a street light at a distance of 80 feet.

Reliability is the hitch pin in determining the admissibility of identification testimony. Mason v. Brathwaite, 432 U.S. 98 (1977). Conviction based on eye witness identification at trial may be set aside on the grounds that it is unreliable when it gives rise to a very substantial likelihood of irrefutable misidentification. Simmons v. U.S., 390 U.S. 377 (1968).

Petitioner's constitutional right of due process under the United States Constitution was abridged by the

3

admissibility of Ms. Szklarz's identification.

Ground 2 - The evidence is insufficient to sustain a conviction.

It is understandable that the court must view all of the evidence in a light most favorable to the Commonwealth as a verdict winner, and drawing all reasonable inferences favorable to the Commonwealth. The Respondents follow up on the evidence that was submitted at trial in their reply to petitioner's petition.

The Respondents fail to tell the court that petitioner's co-defendant knew that the victim had four $100.00 bills on his person, and the victim was displaying the money to patrons at the club. Another important fact that was left out was that the victim stated that he had an argument with "George" before he was beaten. But the main area of doubt that the petitioner beat the victim was told though the victim's own mouth. In the victim's dying declaration he stated to Chief Thomas James, "Louie the Kraut" did it. This dying declaration should place reasonable doubt to the petitioner's guilt. Why would the victim say this if it wasn't true?

It is understandable that direct evidence of the crime is not required, that the Commonwealth only have to prove homicide by circumstantial evidence, however, there is doubt of the petitioner acting in this murder, and this court should hold a hearing concerning this issue to hear the full facts of the case.

Ground 3 - Counsel was ineffective for failing to permit the petitioner to testify.

Trial counsel testified at a hearing that the major concern in permitting petitioner to testify was that the

4

petitioner was subject to impeachment as a result of a prior conviction the petitioner had for the crime of aggravated assault.

Given the state of the trial counsel's advise not to testify because of the possibility of prior conviction impeachment was totally unreasonable and did in fact vitiate the decision by petitioner not to testify. Trial counsel also had another avenue to pre-test the impeachment question which he close not to pursue. Trial counsel testified that he was aware that a Motion in Limine could be filed to get a ruling on the issue outside the presence of the jury but could not explain his failure to file a Motion in Limine. Petitioner testified that he felt the jury had to hear from him, that he wasn't involved in the crime. The petitioner stated that he would have testified absent the advise concerning impeachment.

Petitioner was prejudiced by the advise given by counsel to not testified.

Ground 4 - Counsel was ineffective for failure to object to the charge of reasonable doubt to the jury.

When reviewing a jury instruction that defines "reasonable doubt," it is necessary to consider the instruction as a whole and to give the words their common and ordinary meaning. It is not sufficient for the jury instruction merely to be susceptible to an interpretation that is technically correct. The important question is whether there is a "reasonable likelihood" that the jury was misled or confused by the instruction, and therefore applied it in a way that violated the Constitution. <u>Boyde v. California</u>, 494 U.S. 370, 380 (1990). Any jury instruction defining "reasonable doubt" that suggest an improperly high degree of doubt for acquittal or an improperly low degree of certainty for conviction,

5

offends due process. Either misstatement of the reasonable doubt standard is prejudicial to the defendant, as it "vitiates all of the jury's findings," and removes the only constitutionally appropriate predicate and the jury's verdict.

In the context of the petitioner's case the evidence consisted of a strongly contested identification of the petitioner by an eyewitness and the introduction of a jacket containing blood which was not capable of being described as human. The point of the charge was to tell the jury that the vitally important and all pervasive reasonable doubt standard was limited to the evidence in the case. Failure to instruct the jury that reasonable doubt could arise from the lack of evidence prejudiced the petitioner in such a way that he was denied a fair verdict.

Ground 5 - Trial counsel was ineffective for withdrawing a pretrial motion for change of venue or venire.

Petitioner submitted to this court newspaper articles for review. These newspaper articles are attached to his Memorandum of Law filed. The court will need to review these articles to understand the about publicity there were about the petitioner's case.

It was revealed at a hearing that trial counsel withdrew a Motion for Change of Venue or Venire on the basis that the trial judge would permit him individual voir dire of potential jurors.

The amount of extensive pre-trial publicity, the petitioner could never have received a fair trial. The newspaper articles introduced petitioner's prior criminal record, among other things. The publicity should be ruled to have been presumptively prejudicial and the failure of trial counsel to pursue his change of venue motion prejudiced

6

the petitioner.

Ground 6 - Counsel was ineffective for failing to impeach police officer about the money.

The Respondents in their reply states that this argument is without merit, and that it is just a waste of this courts time. However, the issue is very important and the issue of $400.00 was use by the Commonwealth at trial, but the true facts were never brought out.

Petitioner's statement to the police stated that the victim was found with $400.00 on his person. The petitioner informed trial counsel about a Press Enterprise Newspaper article dated May 14, 1987, which was introduced as exhibit at the post conviction hearing. This exhibit is attached to the Memorandum filed by the petitioner as exhibit "K".

The importance of the testimony about petitioner's guilty knowledge cannot be overemphasized. The trial Judge's opinion in support of denial of post-trial motions noted that authorities testified that such figures were not published in the newspaper and yet the petitioner claims to have gathered the information from that source. The proof is in the pudding, see exhibit "K" attached to Memorandum filed by the petitioner.

Trial counsel by utilizing the article would have been able to establish that the Commonwealth had publicly maintained the position that $400.00 was in fact found on the victim and expose the $450.00 for the rouse that it was. Because trial counsel did not confront Trooper Carlson with the inconsistency, he was unable to get to the cross-examination and argument that the $50.00 additional dollars never in fact existed.

7

## CONCLUSION

WHEREFORE, for the reasons within, Petitioner respectfully request that this Honorable Court appoint counsel and order an hearing on the within issues.

Respectfully submitted,

Kenneth Alan Shiffer
AT-1194
1000 Follies Road
Dallas, Pa. 18612-0286

8

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH ALAN SHIFFER, :
        Petitioner : CIVIL NO. 1:00-CV-1829
    v. :
BEN VARNER, et. al., : (Judge Caldwell)
        Respondents :

### CERTIFICATION OF SERVICE

I, Kenneth Alan Shiffer hereby certify that on August 27, 2001, a copy of the foregoing document was served by placing same, first-class postage prepaid, in the United States Mail, addressed to:

    John W. McDanel, Esquire
Columbia County District Attorney
    Court House, Main Street
      Bloomsburg, Pa. 17815

_____
Kenneth Alan Shiffer
AT-1194
1000 Follies Road
Dallas, Pa. 18612-0286